Argued August 19, affirmed September 7, reconsideration denied
October 20, petition for review denied December 14, 1976

STATE OF OREGON, *Respondent,*
*v.*
DALE DWAIN WARE, *Appellant.*
(Nos. 74 1607 & 76 0107, CA 6047)

554 P2d 609

*John K. Hoover,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
were Gary D. Babcock, Public Defender, and Brian
Williams, Law Clerk, Salem.

*Donald L. Paillette,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and W.
Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

## LEE, J.

Defendant appeals his conviction of assault in the second degree, ORS 163.175[1] and claims error in the court's instruction as to the scope of self-defense.

Seven people gathered at a drag strip turnaround in the evening. Present were John Watson, Roy Mehan, Robert and Michael Brown (brothers), and the Ware brothers, Randall, Don and Dale (defendant). Watson was carrying a large hammer handle in his back pocket. There are two conflicting versions of what occurred that evening.

The state's evidence was that defendant began arguing with Watson over the hammer handle. Michael Brown went over to see what the problem was and to back Watson. The defendant grabbed the hammer handle from Watson and struck Michael Brown on the side of the face. Brown said he did not want a "hassle" and began to walk away. While he was doing so, the defendant threw a beer bottle at him, striking him on the back of the head. After that, the defendant's brother, Randall, also hit Michael Brown with a beer bottle and defendant again hit Brown with a beer bottle. (Each blow was on the back of the head.)

The defendant's evidence was that defendant asked Watson why he had the hammer handle in his pocket. Watson said he was expecting a "hassle" and asked defendant what he was going to do about it. Defendant then removed the hammer handle from Watson's pocket and handed it to his brother, Randall, who threw

---

[1] ORS 163.175 provides:

"(1) A person commits the crime of assault in the second degree if he:

"(a) Intentionally or knowingly causes serious physical injury to another; or

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon.

"(2) Assault in the second degree is a Class B felony."

it away. The Brown brothers, Mehan, and Watson moved toward the defendant menacingly, saying, "come on, come on." In fear of imminent attack, defendant struck out at Michael Brown with a beer bottle and his fist.

At trial, the court instructed on self-defense based on ORS 161.209 which provides that:

> "Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force, and he may use a degree of force which he reasonably believes to be necessary for the purpose."

At the State's request, the court also instructed on the limits to the defense of self-defense contained in ORS 161.215(1) and (2) which provide that:

> "Notwithstanding ORS 161.209, a person is not justified in using physical force upon another person if:
>
> "(1) With intent to cause physical injury or death to another person, he provokes the use of unlawful physical force by that person; or
>
> "(2) He is the initial aggressor, except that his use of physical force upon another person under such circumstances is justifible [sic] if he withdraws from the encounter and effectively communicates to the other person his intent to do so, but the latter nevertheless continues or threatens to continue the use of unlawful physical force * * *.
>
> "* * * * *."

Defendant excepted to the instruction on the limitations to justifiable self-defense and he contends that there is no evidence to support the giving of the instruction. We disagree.

In the case at bar, the state did produce evidence both of provocation with the intent to injure (ORS 161.215(1)) and of initial aggression with failure to withdraw (ORS 161.215(2)). The court's instructions, based on these statutes, put the central question in

proper perspective: was the defendant the aggressor or was he merely defending himself? The limitations provided by ORS 161.215(1) and (2) were properly included in the instructions.

Affirmed.